IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LOUIS DOUGLAS CRAFT, JR.,** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-12-1133-R |
| ) | |
| **GLOBAL EXPERTISE IN OUTSOURCING,** ) | |
| *et al,* ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Louis Douglas Craft, Jr., a prisoner appearing pro se, has filed a complaint purporting to state a claim for violation of his constitutional rights under 42 U.S.C. §1983. United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Currently before the Court is Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction. [Doc. No. 3]. For the following reasons, it is recommended that the motion be **DENIED**.

Great care must be used in the granting of interlocutory injunctive relief because of the extraordinary nature of that remedy. *Commercial Security Bank v. Walker Bank & Trust Co.*, 456 F.2d 1352, 1356 (10th Cir. 1972). As a result, it may only be granted without notice to the adverse parties when the procedural safeguards of Fed. R. Civ. P. 65(b) are "scrupulously honored." 11A C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure 2d § 2952; *see also Commercial Security Bank*, 456 F.2d at 1356 ("We can only reiterate that Rule 65 must be strictly complied with.") Those safeguards require the movant to show that "immediate and irreparable injury, loss, or damage will result . . . before the adverse party . . . can be heard in opposition," and  certify "in writing any

efforts made to give notice [to the adverse party] and the reasons why it should not be required." Fed. R. Civ. P. 65(b). In the declaration supporting his motion, Plaintiff does not address his efforts to notify the Defendants of the application or provide any reasons for his inability to provide such notice. *See* Declaration in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction [Doc. No. 3, p. 6]. As a result, it is recommended that the motion for a temporary restraining order be denied. *Commercial Security Bank*, 456 F.2d at 1356 (reversing the district court's issuance of a temporary restraining order in part because the court had failed to comply with Fed. R. Civ. P. 65(b)).

To obtain a preliminary injunction, a party must establish: (1) "a substantial likelihood of success on the merits;" (2) "irreparable harm to the movant if the injunction is denied;" (3) "the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party;" and (4) "the injunction, if issued, will not adversely affect the public interest." *General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007). Plaintiff seeks an injunction requiring Defendants to arrange for treatment by an outside physician specializing in skin disorders and to provide more than two bars of soap per month for indigent prisoners. Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, 5. Upon review of the motion and Plaintiff's complaint, the undersigned finds that Plaintiff has not shown a substantial likelihood of success on the merits, or that entry of a preliminary injunction

would be consistent with the public interest.

The Eighth Amendment creates an obligation on the part of prison officials to provide adequate health care to inmates. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). This obligation "includes medical treatment for inmates' physical ills [and] dental care[.]" *Ramos v. Lamm*, 639 F.2d 559, 574 (10th Cir. 1980) (internal quotations and citations omitted). The fact that a state must provide medical and dental treatment does not mean, however, that mere negligence in diagnosing or treating an inmate's medical condition gives rise to a valid constitutional claim under the Eighth Amendment. *Estelle*, 429 U.S. at 106. Rather, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* This standard is met when (1) there is a medical need "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000), and (2) a prison official "knows of and disregards an excessive risk to inmate health or safety," *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prisoner must satisfy both the objective component and the subjective component of the deliberate indifference test. *Mata v. Saiz*, 427 F.3d 745, 751-752 (10th Cir. 2005). Although a plaintiff may not like or agree with the treatment decisions made by prison staff, mere disagreement with the medical care provided is insufficient to state a cognizable constitutional claim for relief under § 1983. *Perkins v. Kansas Department of*

*Corrections*, 165 F.3d 803, 811 (10th Cir. 1999).

In his motion for preliminary injunction, Plaintiff is essentially alleging that he disagrees with the decisions made regarding the treatment he has received for a skin condition that he alleges was caused by a lack of sufficient soap in January 2012. Plaintiff – who is currently housed at the Lawton Correctional Facility – has received treatment for his skin condition, but claims that he needs to be treated by an outside physician specializing in skin disorders. *See* Complaint, Ex. 3 (requests for medical treatment and the facility's responses to those requests). Although Plaintiff may be dissatisfied with the decisions of the medical staff, the materials submitted by Plaintiff reveal that he has been seen and evaluated for his alleged condition. *Id.* Such disagreements do not give rise to an Eighth Amendment claim for denial of adequate medical care. Accordingly, Plaintiff has not shown a substantial likelihood that he will prevail on the merits of his claim for denial of medical care.

Plaintiff has also failed to show a substantial likelihood that he will prevail on his claims that he was denied soap for one month, and that the amount of soap provided each month to indigent prisoners is insufficient. The Eighth Amendment's requirement that "humane conditions of confinement" be provided by prison officials, *see Farmer*, 511 U.S. at 832, "include[s] provision for basic hygiene." *See Whitington v. Ortiz*, 307 Fed. Appx. 179, 186 (10th Cir. Jan. 13, 2009)(unpublished op.) (citing *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). Nonetheless, as with Plaintiff's Eighth

4

Amendment claim relating to his medical care, "a prison official violates the Eighth Amendment only when two requirements are met." *Farmer*, 522 U.S. at 834. First, objectively, Plaintiff's deprivation must be "sufficiently serious." *Id.* "Mere discomfort or temporary adverse conditions which pose no risk to health or safety do not implicate the Eighth Amendment." *Whitington*, 307 Fed. Appx. at 187 (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Second, subjectively, the "prison official must have a sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). Here, Plaintiff has not shown a likelihood that he will succeed on the merits of his claims that the prison has failed to provide adequate indigent hygiene supplies to Plaintiff or that Defendants acted with deliberate indifference, exposing Plaintiff "to a sufficiently substantial risk of serious damage to his future health." *Id.* at 843 (internal quotation marks omitted).

Finally, the undersigned finds that Plaintiff has failed to show that the injunction he seeks is not adverse to the public interest. The Supreme Court has clearly cautioned against judicial interference with the daily administration of prisons. *Turner v. Safley*, 482 U.S. 78, 84-85 (1987). In *Turner*, the Court stated:

> Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.

5

482 U.S. at 84-85. The desired injunction would obviously interfere with medical decision-making, and with the prison's efforts to ensure that indigent inmates receive adequate hygiene items. Under these circumstances, the public interest weighs against the issuance of a preliminary injunction.

The undersigned also notes that Plaintiff has filed a motion for extension of time to pay his initial partial filing fee. However, Plaintiff paid the fee in a timely manner [Doc. No. 10], and therefore Plaintiff's Motion for Extension of Time to Pay Filing Fee [Doc. No. 8] is hereby **DENIED** as moot.

## RECOMMENDATION

In light of the foregoing, the undersigned recommends that Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction [Doc. No. 3] be **DENIED.**

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of the right to object to this Report and Recommendation by December 17, 2012, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72, by filing objections with the Clerk of Court. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. *Moore v. United States,* 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation does not dispose of all matters referred to the

undersigned Magistrate Judge.

ENTERED on November 28, 2012.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE