IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOUIS DOUGLAS CRAFT, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-12-1133-R |
| | ) |
| GLOBAL EXPERTISE IN | ) |
| OUTSOURCING, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

Before the Court are the Report and Recommendation of United States Magistrate Judge Shon T. Erwin entered November 28, 2012 [Doc. No,. 14] and Plaintiff's Objection filed December 13, 2012. The Court reviews the Report and Recommendation *de novo* in light of Plaintiff's objections.

The Magistrate Judge recommended denial of Plaintiff's motion for a temporary restraining order based on Plaintiff's failure to show immediate and irreparable injury or damage will result before the adverse party can be heard in opposition and failure to certify in writing efforts made to give notice to the adverse party and the reasons why it should not be required. Report and Recommendation at pp. 1-2, citing F. R. Civ. P. 65(b)(1). In his objection, Plaintiff merely cites to the Exhibits attached to his Complaint and to the fact that "Dr. King and Dr. Smith have informed Plaintiff [they] cannot diagnose the infection . . . ." But neither the report or request for health services attached to Plaintiff's Complaint amount to an effort by Plaintiff to give notice to the Defendant that he is seeking a temporary

restraining order or reasons why such notice should not be required. Neither do the doctors' alleged statements show that notice to the Defendant should not be required. The Court file does not reflect that Defendant has even been served with the Complaint, much less Plaintiff's motion for a temporary restraining order and preliminary injunction [Doc. No. 3] or Plaintiff's memoranda in support of that motion [Doc. Nos. 9 & 13]. And while Plaintiff claims he has already suffered injury, he has not shown that irreparable additional injury will result to him before the Defendant can be heard in opposition to his motion.

The Magistrate Judge also recommended denial of Plaintiff's motion for a preliminary injunction, finding that Plaintiff has not shown a substantial likelihood of success on the merits or that entry of a preliminary injunction would be consistent with the public interest. Report and Recommendation at pp. 2-3. The Magistrate Judge found that "[i]n his motion for a preliminary injunction, Plaintiff is essentially alleging that he disagrees with the decisions regarding the treatment he has received for a skin condition that he alleges was caused by a lack of sufficient soap in January 2012." *Id.* at p. 4. As Plaintiff made clear before the Magistrate Judge as well as in his objection to the Report and Recommendation, Plaintiff claims he needs to be seen and treated by an outside doctor or facility. Because a mere disagreement with the medical care provided is insufficient to state a cognizable § 1983 Eighth Amendment claim, *see Perkins v. Kansas Department of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999), the Magistrate Judge concluded that Plaintiff had not shown a substantial likelihood that Plaintiff would prevail on his claim for alleged denial of medical care. *Id.* at pp. 3-4.

While most of Plaintiff's objection is devoted to the denial of a preliminary injunction related to the denial of soap in January of 2012, Plaintiff does state that "Plaintiff has sufficiently serious needs" and "if doctors cannot diagnose Plaintiff's infection then Plaintiff needs to be transferred to a facility to be treated or seen by an outside doctor." Objection at p. 4. *See id.* at p. 5. He further states that the "Defendant's *refusal* to diagnose and treat the infection only demonstrate their [sic] intent to cover-up the Eighth Amendment violation [regarding denial of soap in January of 2012]." *Id.* at p. 5 (emphasis added). However, even assuming that Plaintiff's medical condition is sufficiently serious to implicate the Eighth Amendment's Cruel and Unusual Punishment Clause, Plaintiff has failed to show his likelihood of success on the merits of his Eighth Amendment denial-of-medical-care claim because he hasn't shown deliberate indifference to his medical needs. Indeed, Plaintiff's own pleadings refer to several ointments and creams that the facility nurse and doctors gave Plaintiff, showing that Defendant's agents and employees took reasonable measures to abate Plaintiff's injury (rash), which belies the assertion that prison officials were deliberately indifferent to Plaintiff's medical needs. *See Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). Moreover, neither "inadvertent failure to provide adequate medical care," "negligence in diagnosing or treating a medical condition, *id.*, citing *Estelle v. Gamble*, 429 U.S. 97, 105-06, 97 S. Ct. 2895, 50 L. Ed. 2d 251 (1976), or a mere disagreement with a prescribed course of treatment, *Perkins v. Kansas Department of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999); *Boles v. Dansdill*, 361 Fed. Appx. 15, 18 (10th Cir. Jan. 12, 2010)(No. 09-1145), gives rise to an Eighth Amendment violation.

With respect to Plaintiff's Eighth Amendment claim based upon a denial of soap for one month, in January of 2012, the Magistrate found that Plaintiff had not shown a likelihood that he would succeed on the merits that the prison failed to provide indigent hygiene supplies to Plaintiff or that Defendants acted with deliberate indifference "exposing Plaintiff to a sufficiently substantial risk of serious damage to his future health." Report and Recommendation at p. 5, quoting *Farmer v. Brennan*, 511 U.S. 825, 843, 114 S. Ct. 1970, 128 L. Ed. 2d 811, __ (1994). The Magistrate Judge also found that Plaintiff had not shown that the injunction he sought was not adverse to the public interest, given the Supreme Court's cautionary words against judicial interference with prison administration. *Id.* In his objection, Plaintiff suggests that failing to satisfy Plaintiff's basic hygiene needs by denying him soap for a month violates contemporary standards of decency, amounting to an Eighth Amendment violation, citing, *inter alia, Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996) and *Hilling v. McKinney*, 509 U.S. 25, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993). Plaintiff also asserts that his unit manager's failure to inform Defendants' responsible officials that Plaintiff had no soap and his failure to do so for 30 days was carelessness or deliberate indifference. Objection at pp. 4 & 5. He implies that prison officials knew that failure to provide Plaintiff with soap resulted in an "objectively cruel" condition and that the failure to remedy or abate the condition was deliberately indifferent. *Id.* at p. 4.

The Court expresses no opinion as to whether the deprivation of soap to a prisoner for one month could satisfy the objective component of an Eight Amendment claim. However, Plaintiff has nevertheless failed to demonstrate the likelihood of success on the merits of this

4

Eight Amendment claim because he has failed to present any evidence showing that prison officials knew of and disregarded an excessive risk to Plaintiff's health and safety, that is, that prison officials were aware of facts in January of 2012 "from which the inference could be drawn that a substantial risk of serious harm" existed by failing to provide Plaintiff with soap for a month, and that prison officials drew that inference. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811, 825 (1994). Hindsight is twenty/twenty. Apparently the deprivation of soap for one month did cause Plaintiff a skin condition that is serious or at least has proved to be persistent and difficult to treat. However, Plaintiff has failed to present any facts showing that prison officials were aware of such a risk in January of 2012 and disregarded it.

Finally, denial of a preliminary injunction to prevent future harm to Plaintiff from the deprivation of soap is also appropriate because Plaintiff's claim for injunctive relief in this regard is moot. Plaintiff alleges that the deprivation of soap only occurred in the month of January 20912. Apparently after that month prison officials voluntarily resumed giving Plaintiff soap. Plaintiff has not alleged any facts or presented any evidence that the deprivation of soap is likely to recur in the future. Accordingly, Plaintiff's claim for injunctive relief is moot. *See e.g., O'Connor v. Washburn University*, 416 F.3d 1216, 1221-22 (10th Cir. 2005); *Stephens v. Jones*, 2012 WL 3570732 at * 3 (10th Cir. Aug. 21, 2012)(No. 11-6284).

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 14] is ADOPTED as supplemented herein and Plaintiff's motion for a

temporary restraining order and preliminary injunction [Doc. No. 3] is DENIED. This matter is referred back to the assigned Magistrate Judge for further proceedings consistent with the original Referral Order.

IT IS SO ORDERED this 18th day of December, 2012.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE