IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOUIS D. CRAFT JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-12-1133-R |
| | ) |
| GLOBAL EXPERTISE IN OUTSOURCING et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are the Report and Recommendation and Order of United States Magistrate Judge Charles B. Goodwin entered May 30, 2014. Doc. Nos. 73-74. Plaintiff has filed an Objection to the Magistrate Judge's conclusions in both the Report and Recommendation and the Order. Doc. No. 81. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Plaintiff's objections, and pursuant to § 636(b)(1)(A), the Court reviews the Order to determine if it is *clearly erroneous or contrary to law*.

### I. Objections to Report and Recommendation

Plaintiff argues that the Court should excuse his failure to exhaust administrative remedies because prison officials hindered his ability to do so. *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) ("Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust."). He provides four ways in which the prison officials thwarted his attempt to exhaust: "1) Warden Chester

1

refused to submit a copy or response to Plaintiff['s] request to staff submitted February 6, 2012," 2) Plaintiff was not permitted to resubmit Grievance 12-131 because the box on the response form was not checked granting him permission, 3) "The ARA instructed Plaintiff to abandon his appeal rights to 12-131, and 12-2570," and 4) "The ARA refused to answer a properly [] resubmitted appeal 12-2947, from 12-288." Pl.'s Objection to Order and Report and Recommendation 3, 7.

### A. Refusal to Submit Copy of or Response to RTS

Assuming Plaintiff filed a Request to Staff on February 6, 2012 ("Feb. 6 RTS") and never received a copy, this fact is irrelevant because Plaintiff still failed to properly follow other administrative procedures. First, Grievance 12-131 was premature because he did not wait thirty days after submitting the Feb. 6 RTS.[1] Second, in Grievance 12-2570, which Plaintiff submitted directly to the Administrative Review Authority ("ARA") by labeling it "Sensitive," he complained about the lack of response to the RTS.[2] The ARA noted that this issue was "[n]ot of a sensitive/emergency nature" and that Plaintiff "must follow the standard grievance process."[3] Third, Grievance 12-296 improperly included more issues than simply the staff's failure to respond to his RTS.[4]

---

[1] S.R. Ex. 18 (noting the filing date of February 22, 2012); see OP-090124 § IV(B)(7) ("If there has been no response in 30 calendar days of submission, the offender may file a grievance to the reviewing authority.").
[2] S.R. Ex. 19, Doc. No. 33-19, at 5.
[3] *Id.* at 6; see OP-090124 § VIII(C) ("When the appropriate reviewing authority determines that a grievance is not of an emergency or sensitive nature, the grievance will be returned to the offender with notification that the grievance is not of an emergency or sensitive nature and that the standard grievance process must be followed.").
[4] It also included a description of his lack of soap in January 2012 and his request for $200,000 in damages. S.R. Ex. 19, Doc. No. 33-19, at 1-4; see OP-090124 § IV(B)(7) ("The grievance may assert only the issue of the lack of response to the request to staff.").

Plaintiff's grievance appeals were also procedurally deficient for reasons independent of the failure to attach the Feb. 6 RTS. First, Plaintiff's appeal of RTS 12-296, submitted on form 12-2883, did not contain a complete affidavit required of inmates, like Plaintiff, who are on a grievance restriction.[5] Second, he filed his second appeal of Grievance 12-296, submitted on form 12-2947, too late.[6]

Finally, Warden Chester's refusal to provide a copy of the Feb. 6 RTS is not relevant to Plaintiff's later complaint and grievance regarding injuries suffered from lack of soap. In an RTS filed May 1, 2012, Plaintiff complained of a rash, scar, and spots on his skin and requested that the scar be corrected, as well as monetary relief.[7] A staff member responded that Plaintiff would be able to meet with a health care provider to address the problem.[8] Plaintiff then filed a grievance stating that his complaint in the May 1 RTS had not been addressed because the scar was not corrected.[9] The grievance was returned unanswered for several reasons, none of which included Plaintiff's failure to attach the Feb. 6 RTS.[10]

---

[5] S.R. Ex. 19, Doc. No. 33-19, at 10; *see* OP-090124 § IX(B)(2) ("For all grievances submitted during the restriction period, the offender is required to show cause as to why they should be permitted to grieve. Cause will be shown as follows: a) The offender will submit a duly verified affidavit …. contain[ing] a list … of all grievances previously submitted by the offender within the last 12 months.").

[6] Appeal 12-2947 must have been filed by April 28, fifteen days after Grievance 12-296 was returned to Plaintiff unanswered on April 13. S.R. Ex. 19, Doc. No. 33-19, at 4, 7; OP-090124§ VII(B) ("The offender may make a final appeal to the administrative review authority or chief medical officer, whichever is appropriate, within 15 calendar days of receipt of the reviewing authority's response or any amended response."). Plaintiff did not submit Appeal 12-2947 until May 3. S.R. Ex. 19, Doc. No. 33-19, at 12. The Court will address Plaintiff's argument that Appeal 12-2947 was actually a correction of Appeal 12-2883 below. I*nfra* Part I.D.

[7] S.R. Ex. 21, Doc. No. 33-21, at 1.

[8] *Id.*

[9] *Id.* at 2-3.

[10] *Id.* at 6.

Even if Plaintiff was given a copy of the Feb. 6 RTS, the independent procedural defects noted above would still exist. Further, the fact that he never received a response to the RTS did not hinder his ability to exhaust because the Offender Grievance Process takes into account this possibility.[11] Plaintiff simply failed to properly engage in that process.

**B. Plaintiff Was Not Permitted to Resubmit 12-131**

Plaintiff further argues that he was not given permission to resubmit his premature grievance 12-131 because the box on the form he received in response stating "You may resubmit your corrected grievance within ten calendar days of receipt of this notice" was not checked.[12] First, because Plaintiff submitted 12-131 only sixteen days after submitting the Feb. 6 RTS, if this box were checked, Plaintiff would be required to submit a corrected grievance before thirty days had passed from February 6. Second, regardless of whether that box was checked, Plaintiff still had fifteen days after receiving the response to 12-131 in which to submit a corrected grievance.[13] The section of the Offender Grievance Process to which Plaintiff cites, which states that "'If allowed' the offender must properly re-submit the grievance within ten calendar days of receipt,"[14] did not preclude him from resubmitting Grievance 12-131 after thirty days had passed from February 6.

---

[11] OP-090124 § IV(B)(7) ("If there has been no response in 30 calendar days of submission, the offender may file a grievance to the reviewing authority.").
[12] S.R. Ex. 18, Doc. No. 33-18, at 2.
[13] OP-090124 § VII(B).
[14] *Id.* § V(A)(7).

4

### C. ARA's Instruction to "Abandon His Appeal Rights"

Plaintiff next argues that the ARA impeded his ability to exhaust by instructing him, in response to Grievance 12-2570 labeled "Sensitive," to "follow the standard grievance process including giving the facility an opportunity to respond."[15] He contends that this instruction was equivalent to telling him to abandon his appeal rights to both 12-131 and 12-2570. The Court disagrees. This instruction does not imply that Plaintiff should abandon any appeal; it simply references the rule that complainants must give staff members thirty days to respond to a non-sensitive and non-emergency RTS.[16] Moreover, the same form in which the ARA told Plaintiff to give the facility time to respond also included the following note: "All of the above can be found in OP-090124 and it is your responsibility to read and follow policy."[17] If Plaintiff read the policy, he would have known that he has the right to appeal a response to a grievance within fifteen days of receiving the response.[18] Therefore, the ARA's response to 12-2570 did not hinder Plaintiff's ability to exhaust his administrative remedies.[19]

---

[15] *See* S.R. Ex. 19, Doc. No. 33-19, at 5-6.
[16] OP-090124 § IV(B)(7) ("If there has been no response in 30 calendar days of submission, the offender may file a grievance to the reviewing authority.").
[17] S.R. Ex. 19, Doc. No. 33-19, at 6.
[18] OP-090124 § VII(B) ("The offender may make a final appeal to the administrative review authority or chief medical officer, whichever is appropriate, within 15 calendar days of receipt of the reviewing authority's response or any amended response.").
[19] To the extent Plaintiff argues that 12-2570 was an appeal to Grievance 12-131, Pl.'s Objection to Order and Report and Recommendation 4 ("Per policy Plaintiff could have appealed grievance 12-131, with 12-2570."), he used the incorrect form. He filled out the "Offender Grievance Report Form" instead of the "Misconduct/Grievance Appeal Form to Administrative Review Authority." S.R. Ex. 19, Doc. 33-19, at 5; OP-090124 § VII(B)(1)(a).

## D. ARA's Refusal to Answer Appeal 12-2947

Plaintiff next argues that Appeal 12-2947 was not untimely because it was actually a correction of Appeal 12-2883, evidenced by his alleged writing at the top of 12-2947: "this will be a resubmitted appeal to 12-2883."[20] Therefore, he reasons, the ARA improperly refused to answer Appeal 12-2947. Plaintiff is correct that if 12-2947 was a correction of Appeal 12-2883, then 12-2947, which the ARA received on May 3, 2012,[21] would be timely. In correcting the affidavit attached to 12-2883, he would be given thirty days from receiving the response to 12-2883 (until May 24, 2012),[22] instead of fifteen days from receiving the response to Grievance 12-296 (until April 28) if 12-2947 were an entirely new appeal of 12-296.[23] But the status of 12-2947 as an appeal of Grievance 12-296 or a correction to Appeal 12-2883 is irrelevant because Grievance 12-296 was procedurally deficient. As explained above, Plaintiff discussed more in 12-296 than simply his desire to receive a response to his Feb. 6 RTS. Therefore, even if 12-2947 was a correction of Appeal 12-2883 and was therefore timely, Plaintiff would still have failed to properly exhaust his administrative remedies because both 12-2883 and 12-2947 were appeals of the improperly completed Grievance 12-296.

---

[20] Pl.'s Objection to Order and Report and Recommendation 6.
[21] S.R. Ex. 19, Doc. No. 33-19, at 12.
[22] *Id.* at 10 (noting April 24 as the date Plaintiff received the response to 12-2883); OP-090124 § VII(B)(1)(e) ("The offender will be given one opportunity to correct any errors, which must be received by the Administrative Review Authority within 30 days of the time the offender is notified of improper filing.").
[23] S.R. Ex. 19, Doc. No. 33-19, at 4, 7 (noting April 13 as the date Plaintiff received the response to 12-296); OP-090124 § VII(B) ("The offender may make a final appeal to the administrative review authority or chief medical officer, whichever is appropriate, within 15 calendar days of receipt of the reviewing authority's response or any amended response.").

Plaintiff failed to demonstrate that he properly submitted a grievance and grievance appeal, and his objections do not alter that fact. Furthermore, even if Plaintiff's last three objections to the Report and Recommendation had merit,[24] Plaintiff waived them by failing to raise them with the Magistrate Judge. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("[T]heories raised for the first time in objections to the magistrate judge's report are deemed waived.").

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED, as supplemented herein, and Defendants' Motion for Summary Judgment [Doc. No. 34] is GRANTED.

## II. Negligence Claim

The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law negligence claim. *See* 28 U.S.C. § 1367(c)(3); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." (citations omitted)).

## III. Objections to Order

The Magistrate Judge denied several nondispositive motions filed by both Plaintiff and Defendants in an Order entered contemporaneously with the Report and Recommendation. Doc. No. 73. Because the Court grants Defendants' Motion for Summary Judgment and declines to exercise supplemental jurisdiction over Plaintiff's

---

[24] *See supra* Parts I.B-D.

remaining state-law claim, these motions are moot, and therefore Plaintiff's objections to the Order need not be considered.

## IV. <u>**Motions**</u>

Plaintiff filed a nondispositive motion contemporaneously with his Objection to the Report and Recommendation [Doc. No. 82] and Defendants responded with a motion for a protective order [Doc. No. 85]. Because the Court grants Defendants' Motion for Summary Judgment and declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim, these motions are moot.

IT IS SO ORDERED this 19th day of September, 2014.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE