IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| LOUIS D. CRAFT, JR., | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-12-1133-R |
| GLOBAL EXPERTISE IN OUTSOURCING, et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

In an Order entered September 19, 2014, Doc. No. 86, this Court adopted the Report and Recommendation of Magistrate Judge Goodwin and granted Defendants' Motion for Summary Judgment. The Court found that Plaintiff had not exhausted his administrative remedies and that prison officials had not thwarted his attempt to do so. On December 1, 2014, the Court denied Plaintiff's motion to alter or amend the Order adopting the Report and Recommendation. Doc. No. 92. On April 29, 2015, the U.S. Court of Appeals for the Tenth Circuit affirmed this Court's grant of summary judgment for Defendants for Plaintiff's failure to exhaust. Doc. No. 102.

Since the Tenth Circuit entered its Order and Judgment and issued the mandate, Plaintiff has filed four motions: Motion for the Court Order and Judgment [to] be Set Aside for Fraud and Misconduct, Doc. No. 104; Motion for Leave of the Court to Amend Pleadings to Conform to Evidence, Doc. No. 105; Motion to Compel Discovery and Issue Service for a Subpoena, Doc. No. 107; and Motion for Leave of the Court to Stipulate

and Supplement[] Plaintiff's Motion to Compel Discovery and Issue Service for a Subpoena, Doc. No. 108. For the following reasons, the Court denies all four motions.

## **Rule 60 Motion**

Plaintiff first filed a motion to set aside this Court's Order adopting the Report and Recommendation and subsequent Judgment, Doc. Nos. 86-87, as well as Magistrate Judge Goodwin's Order denying Plaintiff's motion to compel, motion for leave to amend, and motion for a protective order, Doc. No. 73. Doc. No. 104, at 1. He brings this motion under Federal Rule of Civil Procedure 60(b)(3), arguing there was "fraud and misconduct from Defendant(s) during the appeal proceeding." *Id.* According to Plaintiff, the prison law librarian refused to provide him a copy of his opening brief, and Don G. Pope, counsel for Defendants, submitted an altered opening brief to the Circuit, "committing fraud." *Id.* at 6, 12. He also asserts that Circuit Judge McHugh, knowing that the opening brief had been changed, entered the Order on April 29 to prevent his motion for oral argument from being filed, because that motion would have clarified his opening brief and exposed the fraud. *Id.* at 7-8, 13.

Under Rule 60(b)(3), a party may obtain relief from a final judgment or order based on "fraud …, misrepresentation, or misconduct by an opposing party." This subsection "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978)). "Regardless of the specific form of the allegation, the party relying on Rule 60(b)(3) must, by adequate proof, clearly substantiate the claim of fraud, misconduct or

2

misrepresentation." *Id.* (citation omitted). "[T]hey must show clear and convincing proof of fraud, misrepresentation, or misconduct." *Id.* (citations omitted) (internal quotation marks omitted). "Moreover, the challenged behavior must *substantially* have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial." *Id.* (citations omitted) (internal quotation marks omitted).

Because Rule 60(b)(3) contemplates fraud and misconduct only by an opposing party, the Court will consider only Plaintiff's allegation that Mr. Pope changed his brief before it was submitted to the Circuit. This is a claim of fraud on the court, which "is directed to the judicial machinery itself and is not fraud between the parties." *Zurich*, 426 F.3d at 1291 (citation omitted).

Even if Rule 60(b)(3) applies to relieve a party from a trial court order and judgment based on fraud in an appellate proceeding challenging that order and judgment, Plaintiff has failed to adequately support his ground for relief. Plaintiff contends he raised two issues for appellate review: "1) whether the district court abused its discretion by granting summary judgment for defendants; and 2) whether appellant stated a valid claim for deliberate indifference." Doc. No. 104, at 5. The only support he offers for the claim that Mr. Pope changed his opening brief is that Defendants' response "did not raise [an] argument addressing Proposition I or II." *Id.* at 6.[1] In their response, Defendants argued that this Court did not abuse its discretion in granting them summary judgment because

---

[1] Plaintiff also contends that his Request for Health Services form was changed, which demonstrates that "officials will change documents for Attorney Don G. Pope and GEO Inc." Doc. No. 104, at 9. He directs the Court to "the original form," Doc. No. 31, Ex. 4, at 1, and the altered document, Doc. No. 106, Ex. 6, at 2. Although Plaintiff asserts that prison officials changed the part of the form in which he describes the problem, the text on both the "original" and the allegedly altered document appear exactly the same.

Plaintiff failed to exhaust administrative remedies. Doc. No. 106, Ex. 2, at 11-13. They further argued that Plaintiff has not shown that prison officials prevented him from exhausting. *Id.* at 13-15.

The Court finds that the content of Defendants' response to Plaintiff's opening brief is not clear and convincing proof that Mr. Pope changed the opening brief. Additionally, even if Mr. Pope did change the brief, this change did not substantially interfere with Plaintiff's ability to present his arguments on exhaustion of administrative remedies to the Circuit. Plaintiff still had the opportunity to, and did, have the last word in the form of a reply to Defendants' response. *See* Doc. No. 106, Ex. 3. The Court denies Plaintiff's motion under Rule 60(b)(3).

## **Discovery Motions**

Plaintiff next asks the Court to issue a subpoena to the Counsel to the Clerk for the U.S. Court of Appeals for the Tenth Circuit ordering her to produce a copy of his opening brief. Doc. No. 107, at 1-2. He also asks the undersigned to permit him to "dismiss pages 5, 6, and 8" from his motion for a subpoena and to supplement that motion with additional pages. Doc. No. 108, at 1, 4. Based on the Court's reasoning in denying Plaintiff's motion under Rule 60, these motions are denied as moot.

## **Rule 15(b) Motion**

Finally, Plaintiff seeks leave to amend his pleadings "to conform to the evidence for grievance 12-131 being 'unavailable;' therefore, Plaintiff could not 'properly' exhaust administrative remedies," and "to conform to the evidence with respect to his deliberate indifference claim." Doc. No. 105, at 4, 10. Because the Court has already granted

summary judgment for Defendants, the only way Plaintiff may amend his pleadings is to have the case reopened under Rule 59(e) or 60(b), and then have the Court grant a motion filed under Rule 15 for leave to amend. *See Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1185 (10th Cir. 1999).[2] Because the Court denies Plaintiff's motion under Rule 60(b), it also denies his motion to amend under Rule 15(b).

## Conclusion

In accordance with the foregoing, Plaintiff's motions, Doc. Nos. 104-05, 107-08 are DENIED.

IT IS SO ORDERED this 25th day of June, 2015.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] *See also Williams v. Oklahoma Dep't of Human Servs.*, 122 F. App'x 958, 959 n.2 (10th Cir. 2004) (unpublished) ("Our case law is clear that the proper way to invoke the discretion of the court in requesting leave to amend is to file a motion to amend under Rule 15(a) prior to dismissal or a motion under Rule 59(e) or Rule 60(b) after dismissal." (citation omitted) (citing *Calderon*, 181 F.3d at 1185-86)).