IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LOUIS DOUGLAS CRAFT, JR., )
)
    Plaintiff, )
)
v. ) Case No. CIV-12-1133-R
)
GLOBAL EXPERTISE IN )
OUTSOURCING, et al., )
)
    Defendants. )

# ORDER

Plaintiff Louis Douglas Craft, Jr., a prisoner proceeding *pro se*, has filed several motions before this Court. Given Plaintiff's *pro se* status, the Court construes his filings liberally.

This is the latest round of post-judgment motions in Plaintiff's 42 U.S.C. § 1983 action. This Court dismissed Plaintiff's complaint on September 19, 2014 due to Plaintiff's failure to exhaust his administrative remedies. Doc. Nos. 86, 87. Since that time, Plaintiff has filed numerous post-judgment motions, many of which rest on his contention that Defendants or Defendants' counsel has tampered or interfered with his filings.

Most recently, Plaintiff moved to set aside the judgment (Doc. No. 110), moved for recusal (Doc. No. 111), and moved for leave to proceed *in forma pauperis* (Doc. No. 113). The Court struck these as untimely and for lack of jurisdiction (Doc. No. 114) and inappropriate (Doc. No. 115). Plaintiff then filed a motion for leave to file a supplemental motion (Doc. No. 116), which the Court denied (Doc. No. 117), and a motion for a new trial/motion to amend order (Doc. No. 118), which the Court denied (Doc. No. 120).

1

Plaintiff appealed these orders to the Tenth Circuit. *See* Doc. No. 121. On July 12, 2016, the Tenth Circuit affirmed the court's orders. Case No. 16-6034; *see also* Doc. No. 140.

While the appeal was pending, Plaintiff filed several more motions, which are the subject of this Order. These are addressed, in turn, below.

**1.	Motion for the Court Orders and Judgment Vacated for Fraud on the Court Newly Discovered (Doc. No. 128)**

In this Motion, Plaintiff ostensibly seeks to vacate several of this Court's orders (Doc. Nos. 73, 86, 87, 92, 114, 117, and 120) on the basis of fraud on the Court. Doc. No. 128.

Upon review of Plaintiff's arguments, however, the fraud he complains of occurred before the appellate court, not this Court. Plaintiff argues that Defendants' counsel altered his opening appellate brief to remove/alter certain paragraphs and legal authority and his appendix was altered. As the undersigned has explained to Plaintiff before, this Court does not have jurisdiction to set aside the decision of the appellate court. Nor can this Court set aside its orders based on purported fraudulent conduct that occurred in subsequent appellate proceedings before the appellate court.

Accordingly, Plaintiff's Motion (Doc. No. 128) is DENIED.

**2.	Motion for Leave to Proceed on Appeal *In Forma Pauperis* (Doc. No. 130)**

Plaintiff filed what appears to be an anticipatory notice of appeal (Doc. No. 129). His motion to proceed *in forma pauperis* appears to be related to that notice. On June 14, 2016, the Tenth Circuit issued an order noting that the notice of appeal was not linked to an appealable decision. *See* Doc. No. 133.

Accordingly, Plaintiff's Motion (Doc. No. 130) is DENIED as MOOT.

3. **Motion to Appeal by Permission and Consolidate Cases (Doc. No. 134)**

In this motion, Plaintiff gives notice of intent to appeal for "Doc. Nos. 110-final" and appears to seek permission for such an appeal, and that such an appeal be consolidated with Case No. 16-6034. Doc. No. 110 is Plaintiff's "Motion For the Court Order And Judgment to Be Set Aside for Mistake During the Appellate Proceedings."

As to the latter request, this Court lacks jurisdiction to consolidate cases before the Tenth Circuit. And in any event, the Tenth Circuit has issued a decision in Case No. 16-6034, rendering any such request moot.

Regarding Plaintiff's motion to appeal by permission, it is not clear to the Court what specifically Plaintiff is requesting. Construing Plaintiff's *pro se* filings liberally, it appears that Plaintiff would like permission from this Court to appeal orders the Court had not yet entered at the time of filing. Such a request is not ripe at this juncture and is therefore DENIED.

Plaintiff has already appealed Doc. Nos. 114 and 115, which are orders that address Plaintiff's Motions, Doc. Nos. 110-113. To the extent Plaintiff seeks permission to appeal those orders, such a request is MOOT because Plaintiff has already appealed those orders, (Doc. No. 121) and the Tenth Circuit has already issued an opinion (Doc. No. 140).

Finally, to the extent Plaintiff seeks permission to appeal this Order under Rule 5 of the Federal Rules of Appellate Procedure, such a request is not proper. Requests for permission under Rule 5 are read in conjunction with 28 U.S.C. § 1292(b). Through Section 1292(b), Congress empowered district courts to permit interlocutory appeals only if (1) the

order is not otherwise appealable; (2) the order involves a controlling question of law; (3) there is substantial ground for difference of opinion as to the question at issue; and (4) an immediate appeal will materially advance the termination of the litigation. However, because this order is a final order and "otherwise appealable," Plaintiff does not require permission from this Court under Rule 5 to file an appeal with the Tenth Circuit.

4.     **Motion for Leave to Proceed on Appeal In Forma Pauperis (Doc. No. 135)**

Plaintiff also filed a motion for leave to proceed on appeal *in forma pauperis*. Doc. No. 135. Pursuant to 28 U.S.C. ' 1915(a)(3), a litigant is not entitled to proceed *in forma pauperis* on appeal if the appeal is not taken in good faith. An appeal is not taken in good faith if the issues presented are frivolous in that they involve inarguable legal conclusions. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Having reviewed the record herein, the Court finds that the appeal is not taken in good faith. Accordingly, the Court finds that Plaintiff is not entitled to proceed without payment of the filing fee and his motion [Doc. No. 135] is DENIED. Plaintiff is advised that unless he pays the appellate filing fee in full to the Clerk of this Court in a timely manner, his action may be subject to dismissal by the appellate court.

5.     **Motion for Findings of Fact and Conclusions of Law (Doc. No. 136)**

Plaintiff next asks this Court to make findings of fact and conclusions of law with respect to his motions, Doc. Nos. 110, 112, 116, and 118. As discussed above, these motions have already been addressed and were, at the time Plaintiff filed the motion, the subject of Plaintiff's appeal before the Tenth Circuit. The appeal divested this Court of jurisdiction as to those orders. *See W.N.J. v. Yocom*, 257 F.3d 1171, 1173 (10th Cir. 2001).

4

The Tenth Circuit has now issued a decision in Appeal No. 16-6034, rendering this motion moot.

Accordingly the Court DENIES Plaintiff's Motion (Doc. No. 136).

6. **Motion for an Appointment of Legal Counsel (Doc. No. 137), Motion to Compel Attorney Don G. Pope, Warden Rodney Byrd, Correction Corporation of America, to Answer Admission's [sic] and Produce Documents (Doc. No. 138), and Motion to Supplement Motion for Appointment of Counsel (Doc. No. 143).**

Having dismissed Plaintiff's post-judgment motions, the Court DENIES these motions as MOOT.

IT IS SO ORDERED this 4th day of October, 2016.

David L. Russell
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE